# United States Court of Appeals for the Federal Circuit

---

**AHMED M. YOUNIES,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3031

---

Petition for review of the Merit Systems Protection Board in case no. SF315H100492-I-1.

---

Decided: December 5, 2010

---

BRYAN SCHWARTZ, Bryan Schwartz Law, of Oakland, California, argued for petitioner.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, PROST and REYNA, *Circuit Judges*.

PROST, *Circuit Judge*.

Ahmed M. Younies, a former employee of the U.S. Department of Labor, appeals the decision of the Merit Systems Protection Board ("MSPB"). The MSPB determined that it lacked subject matter jurisdiction over Mr. Younies's appeal because the Department of Labor did not rely on pre-probationary reasons in terminating his employment. Because substantial evidence supports the MSPB's determination, we affirm the MSPB's dismissal of Mr. Younies's appeal for lack of jurisdiction.

## BACKGROUND

On October 15, 2009, Mr. Younies applied for a position as a Supervisory Equal [Employment] Opportunity Specialist with the Department of Labor. The application form asked whether Mr. Younies had been convicted of a crime or put on probation during the preceding ten years. By checking a box, Mr. Younies replied "No." He then signed the form in the "Applicant's Signature" field, certifying that his answers to the questions were truthful. A few weeks later, on November 9, 2009, the Department of Labor hired Mr. Younies. Once again, Mr. Younies signed the same application form—this time in the "Appointee's Signature" field—and certified for a second time that his answers to the questions were truthful.

It came to light during a background check, however, that Mr. Younies had a prior conviction for Disturbing the Peace under California law, for which he served one year on probation. *See* Cal. Penal Code § 415. The Department of Labor informed Mr. Younies of the problem and held a fact-finding meeting on February 4, 2010, during which Mr. Younies admitted that he had been arrested,

but maintained that he had never been convicted. The next day, Mr. Younies submitted a written response to the Department of Labor, wherein he explained that he had indeed been charged and put on "informal probation," but insisted that he had not been convicted. He also stated that because the incident had occurred more than five years earlier, he had forgotten about it. Finally, the response indicated that Mr. Younies contacted his attorney (who had defended him against the criminal charges) and obtained his criminal case number, which Mr. Younies provided in the letter as well. On February 9, 2010, Mr. Younies submitted additional material to the Department of Labor, including a letter from his attorney that explained the nature of the criminal charge and stated that Mr. Younies had pled guilty to Disturbing the Peace under California law. He also submitted an "Order for Relief" under Cal. Penal Code §§ 1203.4, 1203.4a, dated January 26, 2006. The Order for Relief stated in part,

> It is hereby ordered that the plea, verdict, or finding of guilty in the above-entitled action be set aside and vacated and a plea of not guilty be entered, and that the accusatory filing is dismissed pursuant to Penal Code Section 1203.4/1203.4a.

> This order does NOT relieve the defendant of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery.

Pet'r's App. 137.

On February 24, 2010, the Department of Labor sent Mr. Younies a termination letter, stating that his employment would be terminated as of February 26, 2010. The letter explained that after consulting Mr. Younies's criminal case record, the Department of Labor determined that he had been convicted and put on probation. It also noted that Mr. Younies had certified the contrary on November 9, 2009 (the second time Mr. Younies signed the letter), and that he had maintained that position during the fact-finding meeting. It then stated,

> The probationary period is a means of observing and assessing the conduct of an employee and, as such, is an essential and integral part of the examining process. Your failure to disclose your probation, beginning in 2004, on the [application form] is not in accordance with the truthfulness that management expects of its employees. It is also not in accordance with [the] expectations of a Supervisory Equal Opportunity Specialist. In your supervisory role, you may have to adjudicate possible actionable issues arising from background investigations of employees you supervise. The fact that you failed to disclose required information on your own [application form] raises a serious question as to your ability to properly carry out this role.

*Id.* at 131-32.

Mr. Younies appealed the dismissal to the MSPB, arguing that the Department of Labor failed to comply with the regulatory termination procedures of 5 C.F.R. § 315.805, which apply to employees whose employment is terminated in whole or in part based on pre-probationary conditions. *Id.* The administrative judge determined,

however, that Mr. Younies did not make a non-frivolous assertion that the Department of Labor terminated his employment based on pre-probationary reasons. Rather, according to the administrative judge, the Department of Labor terminated Mr. Younies's employment based on his conduct during the probationary period. Reasoning that the applicable regulations do not provide a right to appeal to employees whose termination of employment is based entirely on conduct during the probationary period, the administrative judge dismissed Mr. Younies's appeal for lack of jurisdiction. Mr. Younies petitioned the MSPB for review of the administrative judge's decision. The MSPB denied Mr. Younies's petition for review, rendering the administrative judge's initial decision the final decision of the MSPB. This appeal followed.

DISCUSSION

We review de novo the MSPB's determinations concerning jurisdiction but review for substantial evidence factual findings that underlie the MSPB's jurisdictional analysis. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

The only question presented to us is whether Mr. Younies has a right to appeal the termination of his employment to the MSPB under 5 C.F.R. § 315.806(c). The right to appeal under § 315.806(c) is only available to those probationary employees who qualify for, but allegedly do not receive, the termination procedures of § 315.805. The termination procedures of § 315.805 entail an advance written notice of the proposed adverse action, an opportunity to respond, and a written notice of the adverse decision. 5 C.F.R. § 315.805. But these termination procedures are only available to probationary employees who are dismissed "in whole or in part" based on

conditions that existed prior to their employment. *Id.* In contrast, the regulations do not provide these termination procedures and the corresponding right to appeal to probationary employees who are dismissed because their conduct or performance during the probationary period reveals that they are not fit to perform their job-related duties. *See* 5 C.F.R. §§ 315.804(a), 315.806(c). Our jurisdictional analysis thus reduces to determining whether substantial evidence supports the MSPB's determination that Mr. Younies was not entitled to the procedures of § 315.805—that is, whether he was not terminated based in whole or in part on a pre-probationary condition. *Cf. Langer v. Dep't of Treasury*, 265 F.3d 1259, 1265 (Fed. Cir. 2001). We hold that it does.

What may potentially complicate our jurisdictional analysis is that Mr. Younies signed the application form twice, once before employment and once during employment. Mr. Younies urges us to view the two signatures as part of a single event that occurred (or at least started to occur) before he was employed. He points out that he answered the questions in the application form only before employment, and argues that notwithstanding his second signature, the failure to disclose the conviction pre-dated his employment. We disagree. Each time Mr. Younies signed the form, he "certif[ied] that, to the best of [his] knowledge and belief, all of the information on [the form] is true, correct, complete, and made in good faith." Pet'r's App. 113. The initial certification was made by Mr. Younies as an "Applicant;" the second was made by Mr. Younies as an "Appointee." Thus, for the purpose of our analysis, the first and second signatures constitute separate events.

Nor is it material, in our view, that the two misrepresentations are based on the same underlying facts (Mr.

Younies's criminal history). We of course observe that once the Department of Labor knew about the second misrepresentation, it also inevitably knew about the first. But Mr. Younies does not provide any authority that suggests that the second misrepresentation necessarily "relates back" to the first. On the contrary, the MSPB has long held that an employer's reliance on a condition that originates in the employee's pre-employment history—and yet continues to exist during the probationary period— does not necessarily trigger the pre-probationary procedural requirements of § 315.805. *See, e.g., Van Doneen v. Dep't of Transp.*, 33 MSPR 420, 423 (1987) (holding that an employee's dismissal based on his failure to maintain security clearance was not a pre-probationary reason, even though security clearance was denied due to the employee's pre-employment history), *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987) (unpublished table decision); *Rivera v. Dep't of Navy*, 114 MSPR 52, 55 (2010) (holding that failure to obtain a credit card was not a pre-probationary reason, even though the employee's poor credit history pre-dated employment). The MSPB's refusal to "relate back" the reasons for termination to when they first came into existence is supported by the structure of the pertinent regulatory scheme and grounded in sound policy. Section 315.806(c) provides a right to appeal to pre-probationary employees who are terminated based on pre-probationary reasons; yet it does not confer the same right upon an employee who is terminated because his "work performance or conduct during [the probationary] period fails to demonstrate his fitness or his qualifications for continued employment." 5 C.F.R. § 315.804(a). We agree with the MSPB, therefore, that we must "distinguish between a pre-existing condition and the effect that condition has on an employee's performance." *Van Doneen*, 33 MSPR at 423. And, as the MSPB has aptly noted, "tracing back [an employee's] performance deficiency to a

pre-appointment condition[] could possibly transform almost every separation of a probationer into a case involving a condition arising before appointment." Thus, to the extent that Mr. Younies invites us to relate the second misrepresentation to the first as a matter of law merely because the misrepresentations were based on the same underlying facts, we decline the invitation.

Having so framed the inquiry, our analysis must focus on determining whether substantial evidence supports the MSPB's determination that the Department of Labor relied solely on the second misrepresentation, not the first. Based on the record before us, we have no difficulty in holding that it does. The termination letter expressly mentions the second date on which Mr. Younies signed the application form and makes no mention of the first. The termination letter also points to Mr. Younies's persistence in maintaining that he had never been convicted, even after the Department of Labor brought his criminal record to his attention. The termination letter also notes that Mr. Younies's misrepresentation regarding his criminal record undermined his ability to perform certain aspects of the job, particularly adjudicating disputes that may arise out of background investigations of the Department of Labor's personnel. Substantial evidence supports the Board's conclusion, therefore, that the Department of Labor terminated Mr. Younies's employment not based on a pre-probationary reason as defined under § 315.805, but based on the determination that his "conduct during [the probationary] period fail[ed] to demonstrate his fitness or his qualifications for continued employment." 5 C.F.R. § 315.804(a); *see also Van Doneen*, 33 MSPR at 423.

Finally, Mr. Younies argues that his conviction was expunged under California law, and that he did not

misrepresent the facts in the first place. The problem is, however, that Mr. Younies has only invoked § 315.806(c) as the source of jurisdiction for the MSPB, and the MSPB's jurisdiction under § 315.806(c) is limited to examining whether Mr. Younies received the process that was due under the regulations, not whether the substance of the employment decision was correct. 5 C.F.R. § 315.806(c); *see also Hope v. Dep't of the Army*, 108 MSPR 6, 10 (2008). Our jurisdictional inquiry is thus similarly narrow in scope because Mr. Younies may not create jurisdiction through assertions that are not reviewable on appeal. Moreover, we see no factual basis in the record for Mr. Younies's argument that the Department of Labor's stated justification is a ruse to circumvent the procedural safeguards of 5 C.F.R. § 315.805. Indeed, the Department of Labor already provided Mr. Younies with most of what he would have been entitled to under § 315.805 by giving him advance notice of the allegations (albeit not in writing), an opportunity to respond (of which Mr. Younies availed himself), and a written explanation of the reasons for termination. *Cf. id.*

In sum, in order for Mr. Younies to successfully invoke § 315.806(c) as the source of the MSPB's jurisdiction, he must point to sufficient facts in the record that would amount to a non-frivolous assertion that the Department of Labor actually relied on a pre-employment condition in terminating his employment. Because substantial evidence supports the MSPB's determination that Mr. Younies has failed to do so, we must affirm the MSPB's dismissal of Mr. Younies's appeal for lack of jurisdiction.

CONCLUSION

We affirm the MSPB's dismissal of Mr. Younies's appeal for lack of jurisdiction.

**AFFIRMED**