NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GRETA D. CRAWFORD,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3206

---

Petition for review of the Merit Systems Protection Board in No. DE315H110384-I-1.

---

Decided: March 7, 2014

---

GRETA D. CRAWFORD, of Milwaukee, Wisconsin, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

PER CURIAM

Greta D. Crawford appeals the U.S. Merit Systems Protection Board's ("Board") decision dismissing her appeal for lack of jurisdiction. For the reasons set forth below, this court affirms.

BACKGROUND

On December 27, 2010, Ms. Crawford was appointed to the position of Contact Representative with the Internal Revenue Service ("IRS"). The position was a career conditional service appointment, and was subject to completion of a one-year probationary period. While still in her probationary period, on April 30, 2011, the IRS terminated Ms. Crawford for "unacceptable performance." Resp't's App. 43.

On May 31, 2011, Ms. Crawford filed an appeal contesting her termination from the position. In her appeal declaration, she alleged "[t]he real reason for the termination was not performance," but "conditions that arose before employment." Resp't's App. 33. In June 2011, an Administrative Judge ("AJ") informed Ms. Crawford that the Board might not have jurisdiction over her appeal because employees in a probationary period have limited rights. The AJ further explained that, as a probationary-employee, Ms. Crawford could appeal if she made a "non-frivolous allegation that she was terminated due to discrimination based on marital status, or for partisan political reasons, or because of conditions arising before appointment to the position in question." *Id.* at 36. It was Ms. Crawford's burden to prove the Board's jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2)(i) (2011).

On July 8, 2011, Ms. Crawford filed a response and cited evidence arguing the Board had jurisdiction. In her response, Ms. Crawford argued that she was not serving an initial appointment and her "[p]robation ended once

the tour of duty was completed the first time she worked at the IRS." Resp't's App. 53. Ms. Crawford further alleged that her termination was due to "pre-employment condition[s]," *id.* at 58, specifically, a Freedom of Information Act ("FOIA") lawsuit she had filed against the IRS; the fact that IRS had told her she would be working with individual, not business, taxes; her partisan political activities due to her union membership; and marital discrimination because "workers married to other IRS employees were retained," *id.* at 65.

Shortly thereafter, Ms. Crawford filed a disqualification notice, arguing the AJ should be disqualified because of "extrajudicial conduct includ[ing] contacting individuals in Utah and interfering in investigations about a theft and injury not occurring in [Ms.] Crawford's apartment or in her presence." *Id.* at 67. The AJ denied her motion on September 7, 2011.

On September 28, 2011, the AJ dismissed Ms. Crawford's appeal for lack of subject matter jurisdiction. The AJ determined that Ms. Crawford was a probationary employee when she was terminated and that she was unable to prove that she had completed the requisite one-year probationary period. Regarding her prior position with the IRS, the AJ also found that "[s]ince the appointment at issue . . . was more than three years after her prior career-conditional appointment, she was not eligible for reinstatement under 5 C.F.R. § 315.401(b)." *Id.* at 12. Ms. Crawford filed a petition for review of the AJ's initial decision, and the Board issued a Final Order on July 12, 2012, denying her petition.

Ms. Crawford timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

## I. Standard of Review

Our review of a decision of the Board is circumscribed by statute. This court can set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). "A Board decision is unsupported by substantial evidence when it lacks such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (internal quotation marks and citations omitted).

Whether the Board has jurisdiction over a particular appeal is a question of law this court reviews without deference. *Gonzalez v. Dep't of Transp.*, 551 F.3d 1372, 1374 (Fed. Cir. 2009). "Findings of fact underlying the Board's jurisdictional decision are reviewed for substantial evidence." *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011) (internal quotation marks and citations omitted). Ms. Crawford bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). The Board has jurisdiction over agency actions when the appeals are authorized by law, rule or regulation. 5 C.F.R. § 1201.3(a).

Probationary employees are entitled to a Board appeal under 5 C.F.R. § 315.806 only if they make a nonfrivolous allegation that either (1) their termination was "based on partisan political reasons or marital status," § 315.806(b), or (2) the termination was based on pre-employment conduct *and* "was not effected in accordance with the procedural requirements" of §§ 315.805 and 315.806(c).

## II. Definition of "Employee"

Ms. Crawford first argues that she is an "employee with full appeal rights." Pet'r's Br. 23. Under 5 U.S.C. § 7511(a)(1), Ms. Crawford is not an "employee," which is defined as "an individual in the competitive service . . . who is not serving a probationary or trial period under an initial appointment." Ms. Crawford's termination form indicates that she was a probationary employee at the time of the action and, accordingly, is not within that definition.

Ms. Crawford also contends that she "was not serving an initial appointment" and her probationary period was completed in 1987, "for which there is no contradictory testimony." Pet'r's Br. 24. Ms. Crawford thinks her probation was complete and the IRS failed to reinstate her. The record shows that Ms. Crawford began a position with the IRS on January 5, 1987, with a one-year probationary period. However, it also clearly demonstrates that Ms. Crawford resigned from her position in July 1987, approximately six months into her appointment. She thus failed to complete the probationary period for that position.

Under 5 C.F.R. § 315.401(b), "[t]here is no time limit on the reinstatement eligibility of a preference eligible or a person who completed the service requirement for career tenure." For nonpreference eligible persons, an agency may reinstate someone who has not completed career tenure requirements only within three years of the date the person separated. *See* 5 C.F.R. § 315.401(b). Ms. Crawford was not preference eligible, did not complete the career tenure requirements, and her appointment at issue was more than three years after her prior career-conditional appointment. Thus, the Board did not err in holding that she was not eligible for reinstatement under 5 C.F.R. § 315.401(b).

### III. Pre-Appointment Conditions

An appeal under 5 C.F.R. § 315.806(c) is available on-ly to employees on probation who are entitled to the termination procedures articulated in 5 C.F.R. § 315.805. *Younies v. Merit Sys. Prot. Bd.*, 662 F.3d 1215, 1218 (Fed. Cir. 2011). The § 315.805 "procedures are only available to probationary employees who are dismissed 'in whole or in part' based on conditions that existed prior to their employment." *Id.* (citation omitted). An employee who has been dismissed because he or she is performing at, for instance, an "unacceptable level" is not entitled to the termination procedures and right to appeal. *Id.* "Our jurisdictional analysis thus reduces to determining whether substantial evidence supports the [Board's] determination that [Ms. Crawford] was not entitled to the procedures of § 315.805—that is, whether [s]he was not terminated based in whole or in part on a pre-probationary condition." *Id.* at 1219.

Ms. Crawford argues that three pre-appointment con-ditions led to her termination: (1) her "refusal to allow squatting in a pending appeal about tampering," Pet'r's Br. 17; (2) "a personal Commerce [Office of Inspector General ("OIG")] matter that involved [her] reports about internal incidents," *id.*; and (3) an employee's failure to inform the group of relevant information, *id.* at 18. Ms. Crawford further argues that these "[a]llegations must be treated as true that performance or treatment could be attributed in part to these [pre-appointment conditions]." Pet'r's Br. 16 (internal quotation marks omitted).

Though Ms. Crawford enumerates several pre-appointment conditions, she does not offer any evidence that these conditions caused her termination. The IRS noted that she was terminated for her "unacceptable performance." Resp't's App. 45. The same notice also recounted that Ms. Crawford had been warned on March 16, 2011, over a month before she was terminated, that

she was performing at an unacceptable level. Without any evidence to substantiate Ms. Crawford's beliefs that these pre-appointment conditions were the basis of her termination, the Board was supported by substantial evidence in holding Ms. Crawford failed to nonfrivolously allege that a pre-probationary condition caused her termination. *See* 5 C.F.R. § 315.805.

## IV. Partisan Political Reasons or Marital Status

Ms. Crawford also asserts that she was discriminated against because of her political affiliations, thereby asserting jurisdiction under 5 C.F.R. § 315.806(b). She argues that "unions were strongly associated with the Democratic [P]arty," Pet'r's Br. 20, and "[s]ham political calls were directed to me. The Board misapplies rules—a non-frivolous allegation was made that politics motivated the discharge." *Id.* Ms. Crawford does not provide any evidence that supports the assertion that her affiliation with a union or the Democratic Party was related to her termination. Even if Ms. Crawford had evidence of discrimination based on her union affiliation, that itself would not bring about a cause of action. *See Mastriano v. Fed. Aviation Admin.*, 714 F.2d 1152, 1156 (Fed. Cir. 1983) (holding "the [Board] correctly dismissed petitioner's appeal because his allegations of discrimination based on union affiliation did not state a cause of action within the board's jurisdiction" under 315.806(b)).

Finally, Ms. Crawford argues that she was discriminated against because of her marital status—specifically, that she was not married to another IRS employee. She offers statistical evidence that approximately twenty percent of group workers "were married to non-group IRS workers, and more married to others. None were discharged. . . . The 'keen interest' in couples was thus shown statistically." Pet'r's Br. 21 (citation omitted). Again, Ms. Crawford does not expound on this statistic or explain how it supported the view that her termination was based

on marital status. Moreover, even if she made a nonfrivolous allegation that the fact she was not married to another IRS employee was related to her termination, that alone is not enough to bring a discrimination suit. *See Chase-Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed. Cir. 1999) (explaining that the statute is only concerned with the disparate treatment of married and unmarried employees).

Ms. Crawford was a probationary employee when she was terminated and was thus entitled only to the procedures found in 5 C.F.R. § 315.804. Under this regulation, when an agency decides to terminate a probationary employee, it must notify the employee in writing, explaining the reason why he or she is being terminated and the effective date of the action. "The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct." 5 C.F.R. § 315.804(a). The IRS notified Ms. Crawford of her termination in writing, explained that it was based on her unacceptable performance, and gave her the effective date of the action. Accordingly, the Board properly dismissed her appeal for lack of jurisdiction.

## CONCLUSION

This court has reviewed Ms. Crawford's other arguments and finds them unpersuasive. The Board's dismissal of Ms. Crawford's appeal for lack of jurisdiction is

## AFFIRMED