# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JON EAKMAN, | DOCKET NUMBER |
| Appellant, | DA-315H-15-0226-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: September 14, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jon Eakman, Houston, Texas, pro se.

Eric J. Drootman, Edinburg, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective June 2, 2014, the agency appointed the appellant to the position of Customs and Border Protection Officer in the competitive service. Initial Appeal File (IAF), Tab 4 at 23. The career-conditional appointment was subject to the completion of a 1-year probationary period. *Id.* On January 8, 2015, prior to the completion of the 1-year period, the agency terminated the appellant for failing to follow leave-requesting procedures. *Id.* at 13-16.

¶3 The appellant filed an appeal of his termination with the Board and requested a hearing. IAF, Tab 1. He claimed that the agency committed harmful procedural error and the prohibited personnel practice of discrimination. *Id.* at 4. In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal and apprised him of the regulatory right to appeal available to probationers and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. IAF, Tab 2 at 2-4. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 5, 10. In response, the appellant claimed that

the agency terminated him for preappointment reasons without the procedures required under 5 C.F.R. § 315.805 and submitted a letter dated January 6, 2015, documenting his acceptance of the agency's offer of a temporary light duty position. IAF, Tabs 6-7.

¶4     Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID) at 1, 7. She found that the appellant did not meet the statutory definition of an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(A). ID at 4-5. She also found that the appellant failed to make a nonfrivolous allegation that he had a regulatory right to appeal under 5 C.F.R. § 315.806(b)-(c). ID at 5-6. Finally, she stated that the Board could not address his claims of harmful procedural error and discrimination absent an otherwise appealable action. ID at 6-7.

¶5     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response. PFR File, Tab 2. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this means that he either must not be

---

[2] According to 5 C.F.R. § 1201.14(m)(1), all pleadings filed via the Board's e-Appeal Online System are time-stamped with Eastern Time, but the timeliness of a pleading is determined based on the time zone from which the pleading was submitted. Here, the appellant submitted his petition for review from the Central Time Zone; therefore, his petition for review is timely. PFR File, Tab 1 at 4.

serving a probationary or trial period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *Id.*; *see* 5 U.S.C. § 7511(a)(1)(A). Individuals in the competitive service who do not satisfy either definition may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. § 315.806. *Walker*, 119 M.S.P.R. 391, ¶ 5. However, the Board's jurisdiction over termination appeals under that section is limited to the following situations: (1) the employee was discriminated against based on his marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or part) on preappointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805. *Walker*, 119 M.S.P.R. 391, ¶ 5. There is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction. *Id.*, ¶ 6. Nevertheless, if an appellant makes a nonfrivolous allegation of jurisdiction, and the Board cannot make a determination based on the documentary evidence, the Board should hold an evidentiary hearing to resolve the jurisdictional question. *Id.*

¶7      Here, the appellant does not allege that he qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A) or that the agency terminated him for partisan political reasons or due to marital status discrimination. In his petition for review, he claims that he has a regulatory right to appeal because the agency terminated him based on preappointment reasons and did not follow the procedures required under 5 C.F.R. § 315.805. PFR File, Tabs 1, 4; *see* 5 C.F.R. § 315.806(c). Specifically, he asserts that, because his career-conditional appointment was subject to the completion of a 1-year probationary period, he had not been "officially appointed in the position" when he was terminated, and thus the agency terminated him for preappointment reasons. PFR File, Tab 1 at 5. He cites to his Standard Form 50 to support his argument. *Id.*; *see* IAF, Tab 4 at 23.

¶8       We find the appellant's argument is not persuasive. Our reviewing court has upheld the Board's interpretation that "appointment" under 5 C.F.R.

§ 315.805 refers to an employee's initial appointment to a competitive-service position subject to a probationary period. *See, e.g.*, *Younies v. Merit Systems Protection Board*, 662 F.3d 1215, 1219 (Fed. Cir. 2011) (holding that the Board properly determined that the appellant was not entitled to the procedural protections under 5 C.F.R. § 315.805 because he was not terminated based in whole or in part on a preprobationary condition). Further, the appellant may be conflating the requirement of a 1-year probationary period with his career-conditional appointment. To clarify, his continued employment was subject to the completion of a 1-year probationary period. *See* 5 C.F.R. § 315.803(a). In contrast, under the career-conditional appointment, his conversion to a career appointment was conditional upon the completion of 3 years of creditable service. *See* 5 C.F.R. §§ 315.201-315.202.

¶9 For these reasons, we find that the administrative judge properly interpreted 5 C.F.R. § 315.805 and the appellant has failed to make a nonfrivolous allegation that the regulation applies to him. We therefore affirm the initial decision dismissing the probationary termination appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.