NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RANDY ALLEN ESTES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1801

---

Petition for review of the Merit Systems Protection Board in No. PH-4324-15-0268-I-1.

---

Decided: August 25, 2016

---

RANDY ALLEN ESTES, College Park, MD, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Randy Estes ("Mr. Estes") seeks review of a decision of the Merit Systems Protection Board ("MSPB") dismissing his appeal for lack of jurisdiction. *Estes v. Dep't of Army*, No. PH-4324-15-0268-I-1, 2016 WL 556648 (M.S.P.B. Feb. 10, 2016). Specifically, the Board found that the Department of the Army ("Army") was not a co-employer under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") (codified at 38 U.S.C. §§ 4301–33) and that, therefore, it lacked jurisdiction. For the reasons explained below, we *affirm*.

BACKGROUND

Mr. Estes was employed by The Informatics Applications Group, Inc. ("TIAG") after leaving his active-duty service with the Army. *See Estes v. Dep't of Army*, PH-4324-15-0268-I-1, 2015 WL 4558557 (M.S.P.B. July 23, 2015). Once hired by TIAG, Mr. Estes was released from active duty and placed into a reserve status with the Army. TIAG contracts with the Army to provide contract personnel in support of the Army's mission. On June 12, 2012, Mr. Estes was selected by TIAG to service a contract with the Army.

Before the Administrative Judge, Mr. Estes testified that, on or about April 4, 2013, representatives from TIAG met with representatives from the Army to discuss Mr. Estes's poor performance. Army officials informed Mr. Estes's supervisors at TIAG that they were dissatisfied with his performance and wanted him removed. TIAG removed Mr. Estes from the assignment and terminated his employment with TIAG.

Mr. Estes appealed this termination to the Board on March 21, 2015, claiming that the Army exerted sufficient influence over TIAG such that it is properly considered his co-employer under the USERRA. Mr. Estes alleged that the Army influenced TIAG to remove him from his position in retaliation for engaging in protected uniformed

service and failed to provide Mr. Estes due process in that removal.

The Administrative Judge dismissed the case for lack of jurisdiction, finding that, even where the agency demands a contract employee be removed from the agency's premises, the agency does not create a relationship sufficient to support jurisdiction under the relevant statutes. Mr. Estes filed a petition for review of the initial decision, and the Board denied the petition for review and affirmed the initial decision, which became the Board's final decision pursuant to 5 C.F.R. § 1201.113(b). *See Estes*, 2016 WL 556648, at ¶ 1.

## DISCUSSION

We review de novo the MSPB's determinations on jurisdiction, but review for substantial evidence factual findings that underlie the MSPB's jurisdictional analysis. *See Younies v. Merit Sys. Prot. Bd.*, 662 F.3d 1215, 1218 (Fed. Cir. 2011) (citing *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008)). "The Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). Mr. Estes has the burden of establishing the Board's jurisdiction. *See* 5 C.F.R. § 1201.56(a)(2); *see also Kirkendall v. Dep't of Army*, 479 F.3d 830, 846 (Fed. Cir. 2007) *(*noting that USERRA should be broadly construed, and any "interpretive doubt" should be "resolved in the veteran's favor").

The jurisdiction question before us hinges on whether substantial evidence supports the Board's conclusion that the Army was not a co-employer of Mr. Estes under the USERRA. 38 U.S.C. § 4304(4)(A)(ii) provides the definition of the term "employer" as it is used throughout the USERRA: "[T]he term 'employer' means any person, institution, organization, or other entity that pays salary

or wages for work performed or that has control over employment opportunities, including . . . the Federal Government." If the Army exercised direct control over the employment decisions of TIAG, it would be a co-employer within the meaning of the statute and the Board would have jurisdiction to adjudicate Mr. Estes's underlying claims.

In this case, the Administrative Judge made a number of relevant factual findings. Of particular importance was the finding that "[w]hat actions TIAG ultimately took in regard to their employees was their decision alone, not the agency's." *Estes*, 2015 WL 4558557. This conclusion was reached after a hearing on the matter at which the Administrative Judge heard testimony from Mr. Estes, as well as his supervisors at TIAG and at the Army. Mr. Williams and Mr. Wang were employees of the Army who met with Mr. Estes when he arrived at the Army on contract from TIAG. The Administrative Judge credited the testimony of Mr. Williams and Mr. Wang indicating "that they were not given the opportunity to accept or reject appellant's employment with TIAG and saw [that] meeting only as an opportunity to meet the individual selected by TIAG to service the contract and to familiarize TIAG's selectee with the operation and requirements of the agency." *Id.* Mr. Estes characterized the meeting as an interview, but the Administrative Judge found that, "at [that] meeting, there were none of the usual trappings of a job interview." *Id.*

The Administrative Judge also found that TIAG could have offered Mr. Estes "'bench time' pay" after Mr. Estes was removed from the agency contract and was waiting for another contract opportunity to arise. *Id.* Mr. Estes even admitted in his testimony before the Administrative Judge that TIAG paid "bench time" pay to employees not working on a specific contract but waiting to be placed into active service on a contract. *Id.* The Administrative Judge further found that "[n]othing in the evidence sug-

gests that the agency demanded that TIAG fire the appellant altogether." On appeal, Mr. Estes presents no reason for us to conclude these factual findings and credibility determinations were in error, nor are we able to discern any error from our review of the record.

Any reliance Mr. Estes may place on the April 4, 2013, meeting in which Army personnel discussed Mr. Estes's performance with his supervisor at TIAG is misplaced. As the Administrative Judge determined, "the agency may voice its dissatisfaction with the performance of a contractor employee without creating a co-employer relationship." *Id.*; *see also Silva v. Dep't of Homeland Sec.*, No. DC-4324-08-0776-I-1, 2009 WL 3047237, at *369 (M.S.P.B. Sept. 23, 2009) (finding that "the government will not automatically be deemed to be the 'employer' of all contractor personnel under 38 U.S.C. § 4303(4)" as "USERRA speaks in terms of 'control' over employment opportunities").

It is true that, depending upon the circumstances, an agency could exercise sufficient control over an employee's continued employment status that it would become a co-employer. For example, if an agency knows it is the only entity hiring contractors from a third party company and the agency states that a contractor is no longer welcome on any of its contracts, the agency could be deemed to exercise control over the employee's continued employment status because the third party company would have nowhere else to place the contractor and would therefore have no choice but to fire him. Alternatively, an expression of dissatisfaction by an agency could be so powerful and controlling that it forces the third party company to terminate the employee's status at the company. In this case, however, the Administrative Judge made findings of fact that justify the conclusion that no such level of control was exercised with respect to Mr. Estes. The full record demonstrates that TIAG independently decided to terminate Mr. Estes because (1) it could not place him on

another contract that met his skill set and salary, and (2) it felt Mr. Estes did not understand what it meant to be a contractor supporting the government.

CONCLUSION

Because jurisdiction in this case requires a finding that the Army had "control over employment opportunities," *see* 38 U.S.C. § 4303(4)(A)(ii), and because we find that the Administrative Judge's findings to the contrary are supported by substantial evidence, we *affirm*.

**AFFIRMED**

COSTS

No costs.