# United States Court of Appeals for the Federal Circuit

---

**REGINA E. LEE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1232

---

Appeal from the Merit Systems Protection Board in No. DA-0752-15-0388-I-1.

---

Decided: May 25, 2017

---

REGINA E. LEE, DeSoto, TX, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, HUGHES, and STOLL, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Regina Lee appeals a final decision of the Merit Systems Protection Board dismissing her appeal for lack of

jurisdiction. Because Ms. Lee was not subject to an adverse action appealable to the Board, we affirm.

I

On March 16, 2008, Ms. Lee began an appointment under the Federal Career Intern Program (FCIP) with U.S. Citizenship and Immigration Services, Department of Homeland Security.[1] Prior to her appointment in the FCIP, Ms. Lee had completed almost six years of federal service under a series of term appointments. On March 5, 2010, the agency notified Ms. Lee that her FCIP appointment would expire on March 15, 2010, and that upon completion of the appointment, the agency would not convert it into a competitive service appointment. Consequently, when Ms. Lee completed her FCIP term, she was terminated from federal service.

Ms. Lee appealed her termination to the Board. The Administrative Judge dismissed Ms. Lee's case for lack of jurisdiction, and the Board affirmed. Ms. Lee appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

We review the Board's decision to determine if it is: "(1) arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evi-

---

[1] The FCIP was an intern program created by Executive Order No. 13,162 to "attract exceptional men and women to the Federal workforce who have diverse professional experiences, academic training, and competencies, and to prepare them for careers in analyzing and implementing public programs." 65 Fed. Reg. 43,211 (July 6, 2000). It was terminated on March 1, 2011 and replaced with the Pathways Program.

dence." 5 U.S.C. § 7703(c). The Board's determination that it lacks jurisdiction is a question of law that we review de novo. *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).

The Board's jurisdiction "is limited to those matters over which it has been given jurisdiction by law, rule, or regulation." *Id.* Ms. Lee alleges that the Board has jurisdiction over her appeal pursuant to 5 U.S.C. § 4303 and 5 C.F.R. § 1201.3(a)(1). Ms. Lee bears the burden of proving the Board's jurisdiction over her appeal by a preponderance of the evidence. *Id.*

We have previously held that the Board lacks jurisdiction over appeals from certain FCIP interns who are not converted to competitive service after the expiration of their appointment term. *Rocha v. Merit Sys. Prot. Bd.*, 688 F.3d 1307, 1311 (Fed. Cir. 2012).[2] An agency's decision not to convert an FCIP intern to competitive service is not an "adverse action" appealable to the Board, *see* 5 C.F.R. § 1201.3(a)(1), because the implementing regulations clearly explain that interns have no right to further federal employment after their appointments expire:

> (6) Conversion to Competitive Service. Except as provided in paragraph (o)(6)(ii) of this section, service as a career intern confers no rights to further Federal employment in either the competi-

---

[2] The Board has concluded that an FCIP intern can only establish an adverse action by proving: "(1) Immediately prior to his FCIP appointment, he held a career or career-conditional appointment in the same agency; (2) his failure to complete the internship successfully was for reasons unrelated to misconduct or suitability; and (3) he is an 'employee' within the meaning of 5 U.S.C. § 7511." *Scull v. Dep't of Homeland Sec.*, 113 M.S.P.R. 287, 295 (2010), *aff'd*, 515 Fed. App'x 885 (Fed. Cir. 2013).

tive or excepted service upon expiration of the internship period.

(i) Competitive civil status may be granted to career interns who successfully complete their internships and meet all qualification, suitability, and performance requirements . . . .

(ii) An employee who held a career or career-conditional appointment in an agency immediately before entering the FCIP in the same agency, and who fails to complete the FCIP for reasons unrelated to misconduct or suitability, shall be placed in a career or career-conditional position in the current agency . . . .

(7) Terminations. As a condition of employment, the appointment of a career intern expires at the end of the 2-year internship period, plus any extension. . . . If an employee is not converted to a career or career-conditional appointment, the career intern appointment terminates, unless the employee is specifically eligible for placement under paragraph (o)(6)(ii) of this section.

5 C.F.R. § 213.3202(o) (2006).

Ms. Lee does not focus on this regulation, but argues that the Board erred by ignoring Executive Order No. 13,162, which created the FCIP. 65 Fed. Reg. 43,211 (July 6, 2000). The order is very similar to the promulgated regulation, with one notable difference. The order states, "[e]xcept as provided in subsections (4) and (5) of this section, service as a Career Intern confers no rights to further Federal employment in either the competitive or excepted service upon expiration of the internship period." *Id.* According to subsection 4, "[c]ompetitive civil service status may be granted to a Career Intern who satisfactorily completes the internship and meets all other requirements prescribed by the OPM." *Id.* Because this

is listed as an exception, Ms. Lee argues that her successful completion of the internship conferred upon her rights to further federal employment.

We disagree. We find the executive order and the regulation are consistent. The order states that competitive civil status *may* be granted to a successful intern, not that it *shall* be granted. The "exception" embodied by subsection (4) gave Ms. Lee the right to be considered for conversion, not the automatic right to be converted to competitive civil service status.

Further, the executive order explicitly states that the order "does not create any right or benefit, substantive or procedural, enforceable in law or equity, by a party against the United States, its agencies, its officers or employees, or any other person." *Id.* at 43,212. Therefore, to the extent that § 213.3202(o)(6) prevents the Board from exercising jurisdiction over Ms. Lee's case, the executive order cannot cure that deficiency.

Ms. Lee's successful completion of her internship and satisfaction of OPM's other requirements did not guarantee her the right to further federal employment when her internship expired. Therefore, the Board properly determined that it did not have jurisdiction over Ms. Lee's appeal because she did not suffer an adverse action.

**AFFIRMED**

No costs.