NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SHARESTA K. SANKEY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2018-1374

_____

Petition for review of the Merit Systems Protection Board in No. AT-315H-17-0584-I-1.

_____

Decided: July 13, 2018

_____

SHARESTA K. SANKEY, Montgomery, AL, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

_____

Before WALLACH, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Sharesta K. Sankey seeks review of a Merit Systems Protection Board ("MSPB") final decision dismissing her appeal for lack of jurisdiction. *See Sankey v. Dep't of Veterans Affairs*, No. AT-315H-17-0584-I-1 (M.S.P.B. Nov. 13, 2017) (Resp't's App. 1–3).[1] We affirm.

BACKGROUND[2]

Beginning on May 31, 2016, the Department of Veterans Affairs ("VA") employed Ms. Sankey as a Program Support Assistant. *See id.* at 2, 9. Ms. Sankey "received a career-conditional appointment in the competitive service . . . subject to a one-year probationary period." *Id.* at 2. On May 22, 2017, the VA terminated Ms. Sankey "due to unacceptable conduct." *Id.* at 9; *see id.* at 9–11. Ms. Sankey appealed her termination to the MSPB. *See id.* at 1. The MSPB dismissed Ms. Sankey's appeal for lack of jurisdiction, finding that Ms. Sankey did not have a statutory or regulatory right to appeal her termination. *See id.* at 2–3.

---

[1]   An administrative judge issued an initial decision on November 13, 2017, *see* Resp't's App. 1–3, which became final on December 18, 2017, when Ms. Sankey did not file a petition for review, *see id.* at 3; *see also* 5 C.F.R. § 1201.113 (2018) (providing "[t]he initial decision of the judge will become the [MSPB]'s final decision [thirty-five] days after issuance" unless, inter alia, "(a) . . . any party files a petition for review"). Therefore, we refer to the Initial Decision as the MSPB's Final Decision.

[2]   Because the material facts are not in dispute, we cite to the Final Decision unless otherwise noted. *See generally* Pet'r's Br.; Resp't's Br.

DISCUSSION

I. Standard of Review and Legal Standard

We "hold unlawful and set aside" an MSPB decision that is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). "The [MSPB]'s determination that it lacks jurisdiction is a question of law that we review de novo." *Lee v. Merit Sys. Prot. Bd.*, 857 F.3d 874, 875 (Fed. Cir. 2017) (citation omitted). "When the [MSPB] has made factual findings affecting the jurisdictional inquiry, these findings are reviewed for support by substantial evidence in the record." *Lentz v. Merit Sys. Prot. Bd.*, 876 F.3d 1380, 1384 (Fed. Cir. 2017) (citation omitted). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal quotation marks and citations omitted).

"Removal from employment is an appealable action where the individual qualifies as an 'employee' at the time of her removal by the agency." *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002) (citation omitted); *see* 5 U.S.C. § 7701(a) ("An employee . . . may submit an appeal to the [MSPB] from any action which is appealable to the [MSPB] under any law, rule, or regulation."). An employee is defined as, inter alia, "an individual in the competitive service . . . (i) who is not serving a probationary or trial period under an initial appointment; or (ii) . . . who has completed [one] year of current continuous service under other than a temporary appointment limited to [one] year or less." 5 U.S.C. § 7511(a)(1)(A); *see Pervez v. Dep't of the Navy*, 193 F.3d 1371, 1375 (Fed. Cir. 1999) (explaining that "[g]enerally, an employee serving a probationary period is not an 'employee' under 5 U.S.C.

§ 7511(a)(1)(A)"). The MSPB "has jurisdiction when an employee meets the definition of 'employee' provided by subsection (i) *or* (ii)" of § 7511(a)(1)(A). *McCormick*, 307 F.3d at 1342. Regulations provide certain "narrow exception[s]" to this probationary employee rule, *Pervez*, 193 F.3d at 1375, such as where an employee alleges termination "based on partisan political reasons or marital status," 5 C.F.R. § 315.806(b).

### II. The MSPB Properly Dismissed for Lack of Jurisdiction Because Ms. Sankey Does Not Have a Statutory or Regulatory Right to Appeal

Ms. Sankey is not an employee with the right to appeal to the MSPB under § 7511(a)(1)(A).[3] Ms. Sankey's position as a Program Support Assistant was for a "probationary . . . period" under subsection (i). 5 U.S.C. § 7511(a)(1)(A)(i); *see* Resp't's App. 2 (finding, by the MSPB, that "[t]he undisputed evidence shows [Ms. Sankey] received a career-conditional appointment" subject to a "probationary period"); *see also* Resp't's App. 8, 9, 12 (identifying her position as probationary in personnel documents). She admits as much. *See* Resp't's App. 26 (checking the box "[y]es" in response to the question "[w]ere you serving a probationary, trial, or initial service period at the time of the action or decision you are appealing?" in submitting her appeal to the MSPB), 29 (checking the box for "[t]ermination during probationary or initial service period"). In addition, Ms. Sankey does not argue either of the regulation's "narrow exception[s] to the non-reviewability of termination during the probationary period" apply. *Pervez*, 193 F.3d at 1375; *see* 5 C.F.R. § 315.806(b). *See generally* Pet'r's Br. Rather than alleging termination based on partisan political reasons or

---

[3]    Ms. Sankey's employment was "in the competitive service," 5 U.S.C. § 7511(a)(1)(A); *see* Resp't's App. 2, such that § 7511(a)(1)(A) applies.

marital status, she simply alleged "reprisal for submitting a [r]eport . . . bearing witness to gross mismanagement . . . by [her] Supervisor." Resp't's App. 31; *see, e.g.*, Pet'r's Br. 1 (stating she "felt compelled to report what [she] had witnessed," including "gross [mis]management, bullying, and passive aggressive behavior and a hostile environment").

Additionally, Ms. Sankey has not "completed [one] year of current continuous service under other than a temporary appointment limited to [one] year or less" pursuant to subsection (ii). 5 U.S.C. § 7511(a)(1)(A)(ii). Ms. Sankey began her employment on May 31, 2016, but the VA terminated her on May 22, 2017. *See* Resp't's App. 9. Therefore, she has not completed a year of continuous service. It is of no moment that she was "terminated eight days shy of being a permanent employee," Pet'r's Br. 1, because Ms. Sankey has not met the statute's jurisdictional one-year requirement. Although we liberally construe a pro se party's pleadings, *see*, *e.g.*, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), we "may not . . . take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only," *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (italics omitted).

## CONCLUSION

We have considered Ms. Sankey's remaining arguments and find them unpersuasive. Accordingly, the Final Decision of the Merit Systems Protection Board is

## AFFIRMED

### COSTS

No costs.