NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS G. BARR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-1273

---

Petition for review of the Merit Systems Protection Board in No. CH-315H-18-0485-I-1.

---

Decided: December 9, 2019

---

DOUGLAS G. BARR, Johnstown, PA, pro se.

SARA B. REARDEN, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before LOURIE, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Pro se appellant Douglas Barr appeals a decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Because we agree that the Board lacked jurisdiction, we affirm.

I

Effective September 26, 2016, the Department of the Air Force appointed Mr. Barr to a competitive-service, career-conditional position as a Sheet Metal Mechanic stationed at Wright-Patterson Air Force Base in Ohio. The appointment was subject to Mr. Barr's satisfactory completion of a two-year probationary period.[1] Mr. Barr was terminated during this probationary period for "negligence in the performance of duties." Supp. App. at 21.

Mr. Barr appealed to the Board. The Administrative Judge concluded that the Board lacked jurisdiction over Mr. Barr's appeal because he was terminated during his probationary period and failed to allege removal based on marital status, partisan political reasons, or discrimination. *See* 5 C.F.R. §§ 315.804, 315.806(b), (d). Thus, the Administrative Judge dismissed the appeal for lack of jurisdiction. This decision became the final decision of the Board on October 2, 2018.

Mr. Barr appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

---

[1] As of November 25, 2015, the probationary period for civilian employees hired by the Department of Defense (of which the Air Force is a part) became two years. *See* 10 U.S.C. § 1599e(d).

## II

### A

The Board's determination that it lacks jurisdiction over an appeal is a question of law that we review de novo. *Lee v. Merit Sys. Prot. Bd.*, 857 F.3d 874, 875 (Fed. Cir. 2017). We review the findings of fact underlying the Board's jurisdictional decision for substantial evidence. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). The Board's jurisdiction is limited to reviewing actions designated as "appealable to the Board under any law, rule or regulation." 5 U.S.C. § 7701(a); *see Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000) ("This Court has repeatedly recognized that the Board's jurisdiction is not plenary . . . ."). Mr. Barr must establish the Board's jurisdiction over his appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2).

### B

Mr. Barr admits that he was terminated during his two-year probationary period. Probationary employees are generally excluded from the category of federal employees entitled to appeal to the Board. *See* 5 U.S.C. § 7511(a)(1)(A)(i). But, in select circumstances, probationary employees can appeal terminations. Those circumstances are limited to allegations that the termination was based on (1) partisan political reasons or marital status, (2) pre-appointment conditions, or (3) other forms of discrimination in conjunction with either of the first two grounds. *See* 5 C.F.R. § 315.806; *Pierce v. Gov't Printing Office*, 70 F.3d 106, 108 (Fed. Cir. 1995).

Mr. Barr has not alleged, nor does the record suggest, that he was terminated based on partisan political reasons, marital status, or any other proscribed form of discrimination. Thus, there was no basis for the Board's jurisdiction on those grounds.

Mr. Barr primarily contends that the Board erred by failing to consider the "improper procedures" used in his removal, apparently referring to § 315.806(c).  But that provision only authorizes appeals from terminations based on pre-appointment conditions.  *See* 5 C.F.R. § 315.806(c) ("A probationer *whose termination is subject to § 315.805* [governing termination for pre-appointment conditions] may appeal on the ground that his termination was not effected in accordance with the procedural requirements of that section." (emphasis added)); *Younies v. Merit Sys. Prot. Bd.*, 662 F.3d 1215, 1218 (Fed. Cir. 2011).  Mr. Barr's dismissal was not based on pre-appointment conditions, but on his unsatisfactory completion of an assignment during his probationary period.  His challenge to that action does not fall within the narrow circumstances in which probationary employees can seek Board review.

Because the Board properly dismissed Mr. Barr's appeal for lack of jurisdiction, we affirm.

**AFFIRMED**

No costs.