# United States Court of Appeals for the Federal Circuit

---

**NICHOLAS J. PALMERI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1918

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-22-0341-I-1.

---

Decided: January 13, 2026

---

JOEL J. KIRKPATRICK, Joel J Kirkpatrick PC, Canton, MI, argued for petitioner.

KATHERINE MICHELLE SMITH, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by ALLISON JANE BOYLE.

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

Nicholas Palmeri petitions for review of a Merit Systems Protection Board (the "Board") decision dismissing his appeal for lack of jurisdiction. The Board determined that it lacked jurisdiction because Mr. Palmeri, as an employee in the Senior Executive Service ("SES") of the Drug Enforcement Administration ("DEA"), was required to appeal his alleged involuntary retirement only through a system established through regulation by the Attorney General. The Attorney General has not promulgated any such regulations, so this avenue does not exist. We conclude that the Board correctly construed the relevant statute and that the Board lacked jurisdiction. Mr. Palmeri may have a constitutional right to a posttermination hearing, but any rights, if they exist, must be asserted in a different forum, not before the Board. We affirm.

I

Public employees with a property interest in their continued employment are generally entitled to a posttermination due process hearing to contest the termination of their employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541–42 (1985); *Gilbert v. Homar*, 520 U.S. 924, 928–29 (1997); *Ramirez v. Dep't of Homeland Sec.*, 975 F.3d 1342, 1349 (Fed. Cir. 2020). For most federal employees, the opportunity to appeal to the Board satisfies the requirement for a posttermination hearing. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1304–05 (Fed. Cir. 2021); *Lisiecki v. Merit Sys. Prot. Bd.*, 769 F.2d 1558, 1564 (Fed. Cir. 1985). This case involves DEA employees in the SES, who are treated differently than other federal employees.

In 1978, the Civil Service Reform Act ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111, ushered in a new system "designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988). This system divided civil service

employees into three main classifications: the SES, the competitive service, and the excepted service. *Id.* at 441 n.1. Employees in the SES "are high-level federal employees who do not require presidential appointment but who nonetheless exercise significant responsibility—including directing organizational units, supervising work, and determining policy—and who may be held accountable for their projects or programs." *Esparraguera v. Dep't of the Army* ("*Esparraguera I*"), 981 F.3d 1328, 1330 (Fed. Cir. 2020); *see also* 5 U.S.C. § 3132(a)(2)(E) (an SES position "exercises important policy-making, policy-determining, or other executive functions").

Employees in the competitive service or excepted service are entitled to appeal an enumerated list of adverse actions to the Board, including termination. 5 U.S.C. §§ 7511–7512, 7513(d). This includes employees in the competitive and excepted services who work for the DEA. Typical SES employees are entitled to the same process most other federal employees receive when they are removed from the civil service, 5 U.S.C. § 7542, including appeals to the Board. 5 U.S.C. § 7543(d).

However, the CSRA specifically excluded certain agencies, including the FBI and DEA, from the SES. 5 U.S.C. § 3132(a)(1)(B). When Title 5 refers to the "Senior Executive Service," that term excludes any employees of the DEA or FBI. *Id.*; 5 U.S.C. §§ 2101a, 3132(a)(2). In 1988, Congress established an independent SES for employees of the FBI and DEA. FBI and DEA Senior Executive Service Act, Pub. L. No. 100-325, 102 Stat. 579. Under the current statute, these FBI-DEA SES employees are, in some respects, subject to the same provisions as other SES employees. Section 3151 provides for "removal or suspension consistent with subsections (a), (b), and (c) of section 7543"—those subsections refer to pretermination rights to notice and an opportunity to meaningfully respond to a proposed removal. 5 U.S.C. §§ 3151(a)(5)(D), 7543(a)–(c). However, section 3151 provides that "any hearing or appeal to which

a member of the FBI-DEA Senior Executive Service is entitled shall be held or decided pursuant to procedures established by regulations of the Attorney General." 5 U.S.C. § 3151(a)(5)(D).  No such regulations have been published.

## II

The relevant facts of this case are undisputed. Mr. Palmeri began working at the DEA in 1997.  In 2019, he worked as the Assistant Special Agent in Charge of the DEA's New York Division, a General Schedule ("GS")-15 position.  He applied for a position in the DEA's SES, for which he was selected, and on March 29, 2020, he was converted from the GS-15 position to the SES position.  He was not notified that this conversion to an SES position would affect his appeal rights.  On January 14, 2022, the DEA proposed Mr. Palmeri's removal from his SES position and the Federal service for failure to follow instructions, lack of candor, conduct unbecoming, and poor judgment.  Before his proposed removal became effective, Mr. Palmeri retired.  The day that he retired, the agency informed him that he would have been removed had he not retired.

On April 8, 2022, Mr. Palmeri filed an appeal with the Board alleging involuntary retirement.[1]  The DEA moved to dismiss the appeal for lack of jurisdiction arguing that the statute, 5 U.S.C. § 3151, does not provide FBI-DEA

---

[1]    Although retirement is not designated as an appealable adverse action by statute, an involuntary retirement is treated as a "constructive removal[]."  *See Middleton v. Dep't of Def.*, 185 F.3d 1374, 1379 (Fed. Cir. 1999) (citing *Mintzmyer v. Dep't of Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996)).  An involuntary retirement is thus within the Board's jurisdiction if a removal would be within the Board's jurisdiction. *Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1375 (Fed. Cir. 2019) (quoting *Cooper v. Dep't of the Navy*, 108 F.3d 324, 326 (Fed. Cir. 1997)).

SES employees the right to appeal to the Board. After allowing for written discovery and briefing, the Administrative Judge ("AJ") granted the motion to dismiss, holding that the Board lacked jurisdiction. The full Board denied Mr. Palmeri's subsequent petition for review, affirmed the initial decision, and adopted the initial decision as its final decision. Mr. Palmeri petitions for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### III

We review a decision of the Board dismissing an appeal for lack of jurisdiction de novo. *Younies v. Merit Sys. Prot. Bd.*, 662 F.3d 1215, 1218 (Fed. Cir. 2011). "The Board's jurisdiction 'is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.'" *Lee v. Merit Sys. Prot. Bd.*, 857 F.3d 874, 875 (Fed. Cir. 2017) (quoting *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011)). The question is whether 5 U.S.C. § 7543 precludes Board jurisdiction over adverse action appeals from DEA SES employees.

"When interpreting a statute, we begin with the text." *Lackey v. Stinnie*, 604 U.S. 192, 199 (2025). Section 7543(d) unambiguously establishes a right to appeal covered adverse actions to the Board, but the provision only applies to "career appointee[s]" in "the Senior Executive Service." 5 U.S.C. §§ 7541, 7543(d). In this instance, the phrase "Senior Executive Service" excludes certain agencies, including the DEA. 5 U.S.C. §§ 2101a, 3132(a)(1)–(2). Further, section 3151 empowers the Attorney General to establish the FBI-DEA SES and "appoint, promote, and assign individuals to positions established within the FBI-DEA [SES] without regard to the provisions of this title governing appointments and other personnel actions in the competitive service." 5 U.S.C. § 3151(b)(2). The plain and unambiguous meaning of the text indicates that the FBI-DEA SES is separate and distinct from the broader SES,

and that the Board procedures for the broader SES do not apply to the FBI-DEA SES except as provided for by statute. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).

Although section 3151 provides some standard SES rights to FBI-DEA employees (such as the right to pretermination notice and an opportunity to respond), it does not provide the right to a posttermination hearing or appeal to the Board. Instead, it provides "that any hearing or appeal to which a member of the FBI-DEA Senior Executive Service is entitled shall be held or decided pursuant to procedures established by regulations of the Attorney General." 5 U.S.C. § 3151(a)(5)(D). This language excludes DEA SES employees from the right to appeal adverse actions to the Board as provided for in 5 U.S.C. § 7543.[2] Instead, these employees must appeal through a system established by the Attorney General through regulation.

This carve out was not a mistake or oversight, but a deliberate action taken in light of the specific responsibilities of FBI and DEA SES employees. The stated purpose of the 1988 amendment was "to authorize the establishment of a *separate and independent* [SES] for the [FBI] and the [DEA] *not subject to the control of the Office of Personnel Management.*" H.R. Rep. 100-608, at 2 (emphases added). The FBI-DEA SES was given a different set of procedural rights "[i]n recognition of the unique nature of the FBI and DEA missions and the need for security." *Id.* at 3. In particular, section 3151(a)(5)(D) was described as

---

[2]    Mr. Palmeri also argues that his right to appeal was provided for by 5 C.F.R. § 752.601(c)(iii), but this provision only covers removals described by section 7452, which excludes FBI-DEA SES employees. *See* 5 C.F.R. § 752.601(a); 5 U.S.C. §§ 2101a, 3132(a)(1)–(2), 7541(1), 7542–7543.

providing that "[i]n lieu of any hearing or appeal which might be available outside the agency to an individual in the government-wide SES, the Attorney General's regulations shall provide for an alternative hearing or appeal. This provision is intended to ensure basic due process to members of the FBI-DEA SES while not undermining the need for confidentiality within these agencies." *Id.* at 6; *see also Hearing Before the Subcomm. on Civil Service on H.R. 4083 and H.R. 4318*, 100th Cong. 3 (1988) (testimony of John D. Glover, FBI Executive Assistant Director) (describing the 1988 legislation as "excepting our agencies from review by the [Board] while maintaining personnel safeguards.").

Because Mr. Palmeri is a DEA SES employee, he lacks appeal rights to the Board.  Instead, his appeal must be heard, if at all, pursuant to regulations promulgated by the Attorney General.  The problem is that in the decades since the 1988 legislation, these regulations have yet to be promulgated for reasons unknown.  Mr. Palmeri argues that because he was not informed that he would lose his appeal rights when he joined the DEA SES, he should retain his original appeal rights.  However, this argument is foreclosed by our precedent. *Williams v. Merit Sys. Prot. Bd.*, 892 F.3d 1156, 1158 (Fed. Cir. 2018) ("[A]n agency's failure to advise federal employees on the terms of their appointment 'does not create appeal rights for positions as to which Congress has not given Board appellate jurisdiction.'" (quoting *Carrow v. Merit Sys. Prot. Bd.*, 626 F.3d 1348, 1353 (Fed. Cir. 2010))).

Mr. Palmeri also argues that the failure to issue the regulations denied him due process and, in the absence of those regulations, he should be provided the appellate procedure afforded to employees in the general SES.  We cannot agree.  Congress clearly intended to exclude DEA SES employees like Mr. Palmeri from the scope of the Board's jurisdiction because it determined that the process given to other SES employees was unsuitable for these employees.

It would contradict both the language of the statute and the congressional purpose to apply the standard SES provisions to DEA SES employees. Even if Mr. Palmeri had a constitutional right to a posttermination hearing—an issue we need not decide—there is no constitutional right to have a hearing before the Board. As we have said in a related context, "we could not, as a reasonable remedy, *expand* the Board's limited jurisdiction where Congress foreclosed review." *Esparraguera I*, 981 F.3d at 1336.

Nor does the Board have jurisdiction to consider a constitutional claim asserting the denial of appeal rights is a due process violation. *See id.* (holding that when the Board lacked jurisdiction over an appeal of adverse employment action, it lacked jurisdiction to hear a related due process claim).

Our decision does not leave Mr. Palmeri without a remedy. If Mr. Palmeri wishes to compel the Attorney General to promulgate the necessary regulations, he may petition for rulemaking. *See* 5 U.S.C. § 553(e). If he wishes to assert constitutional claims, he may proceed in district court. *See generally Esparraguera v. Dep't of Army*, 101 F.4th 28 (D.C. Cir. 2024) (after having Board appeal dismissed for lack of jurisdiction, employee brought due process claim in district court); *McCabe v. Barr*, 490 F. Supp. 3d 198 (D.D.C. 2020) (FBI SES employee brought due process claim in district court).

We have considered Mr. Palmeri's remaining arguments and find them unpersuasive.

## AFFIRMED

COSTS

No costs.